**Mark COULTER, Plaintiff–Appellant,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–1299.**

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

*ORDER*

This is an appeal from a district court judgment affirming a decision to deny an application for Social Security disability benefits. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 19, 1997, Mark Coulter filed a claim for disability insurance benefits with the Social Security Administration. Coulter was eventually afforded an evidentiary hearing before an Administrative Law Judge ("ALJ") who concluded that Coulter was not entitled to the benefits requested. This determination later became the final decision of the Commissioner and Coulter took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Commissioner's decision should be affirmed. The district court adopted this recommendation over Coulter's objections and this appeal followed.

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Coulter filed his application for disability benefits on May 19, 1997. He has a tenth grade education and, at the time of his hearing before the ALJ, Coulter was fifty-one years old. On Coulter's last day of work, June 29, 1994, he was employed as a roofer, a job classified as semi-skilled, heavy labor with no transferable skills. He could not continue in that capacity because of a lower back injury and attendant consequences. Coulter's application was denied initially and upon reconsideration and the matter was referred to an ALJ for an evidentiary hearing.

The ALJ conducted an evidentiary hearing and concluded that Coulter could no longer perform his past work as a roofer and that he suffers from back-related physical limitations falling short of total disability. Both parties agree with the ALJ's assessment of Coulter's physical limitations: Coulter experiences episodes of back pain, he can lift no more than ten pounds frequently and twenty pounds occasionally, he is restrained by a sit/stand option, he cannot engage in climbing on a repetitive basis and he cannot perform work that requires him to extend his arms or legs. This combination of impairments means that Coulter's condition does not fall precisely within the four corners of either the "light work" grid or the "sedentary work" grid. In an effort to assess within which, if any, of these two grids Coulter fit, the ALJ enlisted the services of a vocational expert. The expert was asked to determine hypothetically whether an individual of Coulter's age, education, and physical limitations retained the residual functional capacity to be employed and, if so, whether there existed a sufficient number of those jobs in the area. The expert offered his opinion that one with Coulter's limitations could perform one of the approximately 2,500–3,000 press oper-

ating jobs existing in the local economy. The ALJ then concluded that, as Coulter was able to perform a number of modified "light work" positions available in the local economy, he was not entitled to disability benefits.

Coulter asserts on appeal that, as his physical limitations included difficulty in moving about, the Commissioner was required to place Coulter in the "sedentary work" classification and award him disability benefits.

Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, the individual must have the ability to do substantially all these activities. 20 C.F.R. §§ 404.1567(b), 416.967(b). Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567, 416.967(b). Coulter's limitations, however, left him unable to walk or move about as set forth in the "light work" guideline, but he was clearly able to lift more than that ten pound maximum set out in the "sedentary work" guideline.

When a claimant's abilities fall between the regulatory guidelines for exertional

limitations, Social Security Ruling 83–12 directs the ALJ's actions. "In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly [vocational specialist] assistance is advisable for these types of cases." 1983–1991 Soc. Sec. Rep. Ser. 36, 1983 WL 31253, at *3 (S.S.A.). That is precisely what the ALJ did in the case at bar. He determined that Coulter's situation did not fit squarely within the grids and so consulted a vocational expert in an effort to arrive at a just solution. Coulter did not register any objection to the hypothetical question posed to the vocational expert and his answer, that there were 2,500–3,000 jobs in the local economy that Coulter could perform, was not challenged. It thus appears that the district court properly concluded that the Commissioner (through the ALJ) faithfully complied with internal regulations in denying Coulter's application for benefits. As this is the only issue for review, the district court's decision must be affirmed.

Accordingly, the district court's judgment is affirmed.